IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

MICHAEL BEATTIE,            )
                            )
       Petitioner,          )
                            )
vs.                         )   Case No. 06-6100-CV-SJ-ODS
                            )
LARRY DENNY,[1]             )
                            )
       Respondent.          )

ORDER AND OPINION DENYING PETITION FOR WRIT OF HABEAS CORPUS

     Pending is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. After reviewing the Record and the parties' arguments, the Court concludes the Petition must be denied.

I. BACKGROUND

     Petitioner Michael Beattie is presently incarcerated at the Crossroads Correctional Center in Cameron, Missouri, in the custody of Respondent. In this action, Petitioner alleges that trial counsel was ineffective for advising him that he would receive a sentence of between ten and fifteen years if he pled guilty, rather than the twenty-five year sentence he actually received.

     Petitioner was charged with one count of murder in the second degree and one count of endangering the welfare of a child in the first degree. Petitioner pleaded guilty to the charges. Before accepting Petitioner's plea, the trial court inquired into Petitioner's understanding of the charges, the range of punishment, and the

---

[1] Petitioner named the State of Missouri as the party respondent. However, Larry Denny, the Superintendent of Crossroads Correctional Center in Cameron, Missouri, where Petitioner is incarcerated, is the proper party respondent in this action challenging his confinement.

consequences of the plea.  Specifically, Petitioner was told he could receive ten to thirty years or life imprisonment on the murder count, possibly followed by a consecutive sentence on the other count.  See Plea Transcript at 18.  Petitioner testified that no threats or promises were made in exchange for his guilty plea, that he was aware his sentence was up to the judge, and that he had not received any promises as to the sentence he would receive.  See Plea Transcript at 10, 19-20.  The court informed Petitioner of the rights that he was waiving by pleading guilty and questioned him about his satisfaction with the representation he had received.  See Plea Transcript at 12-17, 25-26.  Satisfied with Petitioner's responses, the court accepted his plea.  See Plea Transcript at 29.

The court sentenced Petitioner to concurrent terms of twenty-five years in prison for second degree murder and five years in prison for child endangerment.  After he received his sentence, Petitioner testified that he was satisfied with his counsel and that his counsel had not made any promises to him as to the sentence he would receive.  See Sentencing Transcript at 40-41.

Petitioner subsequently filed a pro se Rule 24.035 motion to vacate, set aside, or correct the judgment and sentence.  An amended motion was filed on behalf of Petitioner by counsel requesting an evidentiary hearing.  Petitioner's amended motion alleged that his guilty plea was not entered knowingly, intelligently, and voluntarily because his plea counsel led him to believe that if he pled guilty he would receive a sentence of between ten and fifteen years in prison, rather than the twenty-five year sentence imposed.

On cross-examination at the post-conviction evidentiary hearing, Petitioner acknowledged that he read and signed a petition to enter a plea of guilty which stated that the range of punishment for the murder count was ten to thirty years or life.  See Evidentiary Hearing Transcript at 10.  He further acknowledged that when he completed the petition, he knew he was possibly facing life imprisonment for the second degree murder charge.  See Evidentiary Hearing Transcript at 11.  He also admitted that at the sentencing hearing he stated that he understood that second degree murder carried a sentence of ten to thirty years or life in prison.  See Evidentiary Hearing Transcript at

2

11.

The possibility of a sentence in the range of ten to fifteen years had been discussed by Petitioner's counsel, the prosecutor, and the judge. The trial judge addressed this discussion during the hearing. See Evidentiary Hearing Transcript at 14; Plea Transcript at 20-21. Petitioner admitted remembering the judge's discussion of the topic, as well as the judge's admonition that the judge was not restricted to the ten to fifteen year range and that the judge could impose a sentence anywhere within the ten to thirty year range or life. Petitioner acknowledged that after this conversation, the judge reminded Petitioner that he did not have to plead guilty, but Petitioner chose to plead guilty anyway. See Evidentiary Hearing Transcript at 14-15.

The post-conviction motion court denied Petitioner the relief requested. The court found no credible evidence that Petitioner's counsel had promised that he would receive a sentence of only fifteen years, finding Petitioner's testimony to that effect not credible in light of his testimony at the guilty plea hearing and his admissions during the post-conviction evidentiary hearing. The motion court found no positive misrepresentation had been made upon which Petitioner was entitled to rely. The court also found that Petitioner's mistake as to what sentence he would receive was not reasonable in that there was no reasonable basis in the guilty plea record to support Petitioner's claimed mistaken belief. Petitioner appealed. The Missouri Court of Appeals affirmed the denial of post-conviction relief. Petitioner's pending claim for habeas relief again alleges that trial counsel was ineffective for advising him that he would only receive a fifteen year sentence on his second degree murder count and that but for this advice he would have insisted on going to trial.

## II. DISCUSSION

*A. Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below

3

an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong. The same analysis is applicable in ineffective assistance of counsel claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words . . .the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The factual findings of the post-conviction review motion court and the Missouri Court of Appeals are presumed correct. This presumption can only be overcome by clear and convincing evidence in the record. 28 U.S.C. § 2254(e). In this case, the post-conviction review motion court found no credible evidence that Petitioner had been promised by counsel that he would receive a sentence of no more than fifteen years. There is no evidence in the record to suggest this factual finding should be disturbed. Therefore, Petitioner has failed to show that his counsel performed below a reasonable standard of competence.

Petitioner has failed to satisfy the prejudice prong as well. Petitioner could not have reasonably believed that the maximum sentence he would receive was fifteen years. The guilty plea record shows Petitioner was informed of and understood that he could be sentenced to ten to thirty years or life in prison. Petitioner completed and filed a written petition to enter a guilty plea which stated that the range of punishment for second degree murder was ten to thirty years or life imprisonment. At the post-conviction evidentiary hearing, Petitioner acknowledged that when he completed the petition he knew he was possibly facing life imprisonment for the charge of second degree murder. Any misrepresentation by counsel that Petitioner would receive a maximum of fifteen years would have been negated by Petitioner being repeatedly informed that he could receive up to a life sentence.

4

*B. Statute of Limitations*

Petitioner's habeas petition is also barred by the statute of limitations. A habeas petition must be brought within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled while an application for state post-conviction relief is pending. § 2244(d)(2). Here, Petitioner's judgment of conviction and sentence was issued on March 10, 2003. The time for filing a direct appeal expired ten days later on March 20, 2003. Missouri Supreme Court Rule 30.01(d); see also State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1983) (judgment in criminal case becomes final when sentence is entered and must be appealed within ten days thereafter). Eighty-two days later, on June 11, 2003, Petitioner filed his motion for post-conviction relief, tolling the statute of limitations.

The mandate was issued following Petitioner's appeal of the denial of post-conviction relief on September 14, 2005. The issuance of the mandate following an opinion affirming the denial of state collateral review is the event that restarts the running of the statute of limitations. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). Petitioner filed this action on August 30, 2006, 350 days after the mandate was issued. The eighty-two days that accrued between the completion of direct review and the filing of the Rule 24.035 motion adds to the 350 days, for a total of 433 days, well beyond the one year time limit.[2] See Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (holding that the statute of limitations is not tolled between the end of direct review and the filing of a state post-conviction relief motion).

Petitioner asserts that even if this action was filed beyond the one-year limitations period, equitable tolling should apply to make it timely. "[E]quitable tolling is appropriate only under limited circumstances, for example, where 'extraordinary

---

[2] Petitioner contends that the statute of limitations did not begin running again until the time period to file for rehearing and/or transfer to the Missouri Supreme Court or to file for extraordinary writs had expired. Even if this is true, the additional fifteen days this would have added to the tolling period would not affect the timeliness of this action.

5

circumstances' beyond a prisoner's control prevent the timely filing of a petition." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). Here, Petitioner states that his counsel did not inform him of his direct appeal remedies or seek his input on the decision not to file a motion for rehearing or transfer to the Missouri Supreme Court, nor was Petitioner made aware of the time limitations for filing these motions. These are not the kind of extraordinary circumstances beyond Petitioner's control that would justify application of the equitable tolling doctrine. Petitioner's petition for writ of habeas corpus is also denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Petitioner's application for relief pursuant to 28 U.S.C. § 2254 is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 2, 2008                    UNITED STATES DISTRICT COURT